UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DANNY FORD | CIVIL ACTION |
| | CASE NO.: |
| VERSUS | |
| | SECTION: |
| SUPERIOR ENERGY SERVICES, INC. | |
| | DIVISION: |

# **COMPLAINT**

The petition of Danny Ford, a resident and citizen of the full age of majority and domiciled in the State of Louisiana (hereafter, the petitioner), Parish of Jefferson, with respect represents that:

1.

This is an action within admiralty and maritime jurisdiction, pursuant to an Act of Congress, known as the Merchant Marine Act, approved by Congress June 5, 1920, Section 33, commonly referred to as the Jones Act, (46 U.S.C.A. 688), as well as the Longshore Harborworkers' Compensation Act (LWHCA), specifically the provisions codified in 33 U.S.C. §905(b), and pursuant to the General Maritime Law of the United States of America, as hereinafter more fully appears.

2.

Made defendant in this action is Superior Energy Services Inc., who upon information and belief is a foreign corporation, organized pursuant to the laws of the State of Louisiana , but doing business in the Parish of Jefferson and in the Gulf of

Mexico off the coast of the Eastern District, State of Louisiana, having appointed William B. Masters, 601 Poydras St., Suite 2400, New Orleans, Louisiana, as its agent for service of process.

3.

At all relevant times your petitioner was employed by the defendant, and was assigned to the M/V Attitude, M/V Ambition and the M/V Guidance; vessels in navigation and operation within the navigable waters of the Gulf of Mexico, specifically both being jack-up vessels.

4.

At all relevant times, Danny Ford was employed by Superior Energy Services, Inc. as a wireline operator assistant, and was assigned to work aboard M/V Attitude, M/V Ambition and the M/V Guidance as a member of , and in the company of the crew of the vessels. The plaintiff spent a substantial portion of his work time with this employer aboard these named vessels and thereby enjoys the status of Jones Act Seaman.

5.

On or about December 12, 2013, while acting within the course and scope of his employment and while in the service of his employer and while in the furtherance of the mission of his employer Danny Ford suffered severe and disabling injuries, when he was working temporarily in this employers shop.  He was assigned the task of repairing a compression ram.  At the instruction and under the observation of his

supervisor, Danny Ford began repair and/or maintenance of the ram. The ram was not properly secured and fell on the plaintiff, causing compression fractures at T-10, T-11 and L-1, a ruptured disc at T5-6, disk injuries at the level above and the level below the fracture site, as well as multiple other fractures and damages to the plaintiff's torso and back. The result is plaintiff now has back damage that will require future surgical procedures .

6.

The plaintiff was treated on an emergency basis and long term at Ochsner Foundation Hospital in New Orleans, La. He now suffers numerous permanent back injuries, both to the mid and low back as a result of the above described accident, rendering him unable to work.

7.

As a result of the accident and attendant injuries, your petitioner, Danny Ford has suffered damages in such amounts as may be set by this Honorable Court, together with legal interest thereon from date of judicial demand until paid, and for all costs of these proceedings.

8.

As a result of the incident sued upon herein, medical expenses were sustained, and continue to accrue, for which petitioner is entitled to recover, and seeks, against defendants.

9.

The sole, proximate, and legal cause of the above described accident was the

negligence of the defendant, Superior Energy Services, its servants, agents, and employees, either individually or concurrently, pursuant to the Jones Act as codified in 46 U.S.C.A. 688, and general maritime law, in the following non-exclusive particulars:

(a) Breach of a legally imposed duty of reasonable care owed by the defendants to the complainant;

(b) Failure to provide a reasonably safe place to work;

(c) Failure to provide proper securing of the extremely heavy and unstable compression ram;

(d) Failure to properly train, supervise, and assist employees in the handling and securing of the compression ram

(e) Failure to provide proper equipment and/or safety equipment for the task at hand;

(f) Failing to provide proper equipment, to perform the tasks at hand;

(g) Failing to provide a proper cage to support the rams during repair procedures;

(h) Other acts of negligence which will be proven upon the trial of this cause.

15.

The defendants, Superior Energy Services, Inc. have the non-delegable duty to provide maintenance and cure until maximum cure is achieved.

16.

At present the defendants are not paying maintenance and cure and failure to do so entitle the plaintiff to exemplary damages for failure to pay same.

17.

The General Maritime Law of the United States protects the seaman from certain acts of the defendant, which are egregious in nature, by awarding exemplary damages. This incident reflects egregious acts which warrant such exemplary damages, as outlined the following paragraph.

18.

The defendants, Superior Energy Services, Inc caused damage to the plaintiff by the following wanton, willful, egregious and/or outrageous conduct in the following, non-exclusive particulars:

(a) Failing and/or refusing to provide plaintiff with adequate medical care, and/or maintenance and cure;

(b) Requiring plaintiff to continue his work although he had not received adequate medical cure;

(c) Having the plaintiff perform tasks on the ram when the equipment was not adequately secured;

(d) Ordering and requiring plaintiff to perform an impossible and/or ultra-hazardous task and/or exhibiting a willful, wanton and outrageous disregard for the safety or well-being of the plaintiff;

(e) Other outrageous and/or willful and wanton acts and omissions as may be discovered or proven at trial.

(f) Failing to provide a proper cage to support the rams during repair procedures;

(c)  Failure to provide proper securing of the extremely heavy and unstable compression ram;

**WHEREFORE**, petitioner, Danny Ford, prays that citation and petition be served on defendants herein, and that after all legal delays had herein, that there be Judgment in favor of Danny Ford, and against Superior Energy Services, Inc., for such damages, general and special, as are reasonable in the premises, maintenance and cure, exemplary damages and interest from the date of judicial demand, all costs of these proceedings, and all other general and equitable relief.

By Attorneys,

_____
AUB A. WARD     (#13228)
NAQUIN & WARD
8034 Jefferson Hwy.
Baton Rouge, Louisiana   70809
Telephone: (225) 927-1907
award@nwlaw.net

PATRICK H. HUFFT (#17633)
Attorney at Law
635 St. Charles Ave.
New Orleans, Louisiana 70130
Telephone: (504) 522-9413

phufft@hufftlaw.com

PLEASE SERVE

SUPERIOR ENERGY SERVICES, INC.
Through agent for service of process:
William B. Masters
601 Poydras St.
Suite 2400
New Orleans, Louisiana 70130